# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:21-cr-00132-LY-2 |
| | § | |
| JOSHUA LEE RIFFEL (2) | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on October 28, 2021, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, dated October 20, 2021 (the "Petition") (Dkt. 27). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Joshua Lee Riffel was ordered released on conditions on July 28, 2021. Dkt. 16. The Petition alleges that, on October 15, 2021, he was arrested by officers with the Leander Police Department and charged with Count 1: Terrorist Threat Cause Fear of Imminent Serious Bodily Injury (misdemeanor) and Count 2: Driving While Intoxicated 2nd (misdemeanor). Defendant allegedly drove a vehicle while intoxicated and pointed an AR-15-style BB gun at a woman outside her home during a dispute. The Petition alleges that these actions violate the following conditions of his release:

(1)  The defendant must not violate federal, state, or local law while on release.

(7)(k)  The defendant must not possess a firearm, destructive device, or other weapon.

(7)(l)  The defendant must not use alcohol at all.

The Court has considered the original Pretrial Services Report, the Petition, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing.

1

During the hearing, counsel admitted that Defendant used alcohol. Accordingly, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds by clear and convincing evidence the Defendant violated condition of his release (7)(l) that he must not use alcohol at all. Dkt. 16.

The Court further finds that: (1) based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of the community, pursuant to 18 U.S.C. § 3148(b)(2)(A); and (2) Defendant is unlikely to abide by any condition or combination of conditions of release, pursuant to 18 U.S.C. § 3148(b)(2)(B). These findings are based, first, on the nature and circumstances of the alleged offense, in which Defendant used alcohol in violation of his conditions of release, allegedly to the point that he was intoxicated, and then drove a vehicle. Second, the nature and seriousness of the danger to others or the community is great, given that Defendant allegedly threatened a victim at night with a BB gun that resembled an AR-15 style rifle, an act likely to result in violence. Finally, Defendant's history and characteristics include previous convictions in recent years for the same charges he faces now – driving while intoxicated and terrorist threat – as well as assault causing bodily injury to a family member.

For these reasons, it is **ORDERED** that Defendant's previous release on conditions is **REVOKED** and he is **HEREBY DETAINED** pending further proceedings in this case.

### Directions Regarding Detention

Defendant is remanded to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person

in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SIGNED** October 28, 2021.

                                                                                       SUSAN HIGHTOWER
                                                                                       UNITED STATES MAGISTRATE JUDGE