# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **1:21-cr-00132-LY-2** |
| | § | |
| **JOSHUA LEE RIFFEL (2)** | § | |
| *Defendant* | § | |

## Order On Motion for Reconsideration of Order Revoking Bond

Before the Court is Defendant Joshua Lee Riffel's Motion for Reconsideration of Order Revoking Bond, filed April 11, 2022 (Dkt. 54). On April 12, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for resolution. Dkt. 55.

### I.     Background

Defendant was ordered released on conditions on July 28, 2021. Dkt. 16. On October 20, 2021, the Pretrial Services Office submitted a Petition for Action on Conditions of Pretrial Release (the "Petition") (Dkt. 27). The Petition alleged that, on October 15, 2021, Defendant was arrested by officers with the Leander Police Department and charged with Count 1: Terrorist Threat Cause Fear of Imminent Serious Bodily Injury (misdemeanor) and Count 2: Driving While Intoxicated 2nd (misdemeanor). *Id.* Defendant allegedly drove a vehicle while intoxicated and pointed an AR-15-style BB gun at a woman outside her home during a dispute. The Petition alleged that these actions violated the following conditions of Defendant's release:

(1)     The defendant must not violate federal, state, or local law while on release.

(7)(k)     The defendant must not possess a firearm, destructive device, or other weapon.

(7)(l)     The defendant must not use alcohol at all.

*Id.*

On October 28, 2021, after a revocation proceeding held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148, the Court granted the Petition. Dkt. 35. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court found by clear and convincing evidence that the Defendant violated condition of release (7)(l) that he must not use alcohol at all. Dkts. 16, 35. The Court further found that: (1) based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of the community, pursuant to 18 U.S.C. § 3148(b)(2)(A); and (2) Defendant is unlikely to abide by any condition or combination of conditions of release, pursuant to 18 U.S.C. § 3148(b)(2)(B). Dkt. 35 at 2. Accordingly, the Court revoked Defendant's release on conditions and ordered him detained pending further proceedings. *Id.*

On November 3, 2021, Defendant pled guilty to one count of distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkts. 37 (sealed), 43. The maximum possible prison term for this offense is 20 years. Dkt. 37 at 1. Sentencing is set for June 17, 2022. Dkt. 52.

## II.     Legal Standards

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991); *see also United States v. Brewer*, 60 F. 3d 1142, 1143 (5th Cir. 1995) (stating that "a motion for reconsideration [ ] is a judicial creation not derived from statutes or rules").

Defendant has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*. *See* 18 U.S.C. § 3142(f)(1)(C). Accordingly, Defendant's release or detention pending sentencing is governed by 18 U.S.C. § 3143(a)(2), which provides:

>   (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
>   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
>   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*See also* Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal.").

### III.    Analysis

In his Motion for reconsideration, Defendant states that the charges identified in the Petition now have been disposed. Dkt. 54 at 1. Defendant states that he has been convicted of driving while intoxicated and sentenced to a jail term with credit for time served. *Id.* Defendant further attaches a copy of an order dismissing the charge of terroristic threat. Dkt. 54-1.

The Court finds that a hearing is not necessary to rule on Defendant's motion because Defendant cannot satisfy the requirements of 18 U.S.C. § 3143(a)(2)(A)(i) or (ii). As Defendant is awaiting sentencing pursuant to a plea agreement, the Court does not find under Section 3143(a)(2)(A)(i) that there is a substantial likelihood that a motion for acquittal or new trial will be granted. Nor can Defendant satisfy Section 3143(a)(2)(A)(ii) because an attorney for the Government has not recommended that no sentence of imprisonment be imposed on him.

Because Defendant cannot satisfy either Section 3143(a)(2)(A)(i) or (ii), the Court need not address Section 3143(a)(2)(B). Defendant must be detained pursuant to 18 U.S.C. § 3143(a)(2).

## IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant Joshua Lee Riffel's Motion for Reconsideration of Order Revoking Bond (Dkt. 54) is **DENIED**.

**SIGNED** April 18, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE